[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 2, 2008
THOMAS K. KAHN
CLERK

No. 08-12457
Non-Argument Calendar
_____

D. C. Docket No. 04-00170-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 2, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

John Wesley Mobley appeals from his 24-month sentence for violating mandatory, special, and standard conditions of his supervised release. On appeal,

Mobley argues that: (1) his sentence was unreasonable because it was more than twice the maximum guidelines range of 13 months' imprisonment, and the district court failed to consider that he stipulated to the violations or that he presented certain mitigating evidence at sentencing; and (2) the violations did not require mandatory revocation of supervised release and he partially completed the conditions of supervised release. After thorough review, we affirm.

We review the sentence imposed upon the revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). "[R]easonableness" review "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

The district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7),[1] if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the Sentencing Guidelines range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwanted sentencing disparities; and (8) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7).

2

U.S.C. § 3583(e)(3). Upon such a finding, the district court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." Id. Chapter Seven of the Sentencing Guidelines provides guidance on the length of a sentence to be imposed after revocation of supervised release. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006). "[T]he policy statements of Chapter [Seven] are merely advisory and not binding," but "the district court is required to consider the policy statements." Id. "When exceeding the recommended range, the court must normally indicate that it considered the Chapter [Seven] policy statements." Id.

In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S.Ct. 586, 597 (2007)). If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id.

3

(quoting Gall, 128 S. Ct. at 597). "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable . . . ." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted).

Mobley has not shown that his sentence was unreasonable. As for procedural reasonableness, the record shows that the district court considered the U.S.S.G. Chapter Seven policy statements and guidelines range, the relevant factors under § 3553(a), and the parties' arguments in determining the sentence, specifically finding that the mitigating evidence Mobley proffered carried marginal value. While the district court did not consider specifically each § 3553(a) factor in determining the sentence, it is not required to do so. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Because a lengthy discussion is not required to establish procedural reasonableness, and as here, the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority," Mobley's sentence was procedurally reasonable. See Rita, 127 S.Ct. at 2468.

As for substantive reasonableness, the district court found that Mobley had an extensive criminal history with previous probation violations, intentionally disobeyed the instructions of the probation officer (specifically advising the probation officer that he would not follow his instructions), and committed multiple violations of the

4

conditions of his supervised release. Moreover, Mobley's mitigating evidence did not show that Mobley acted unintentionally in violating the conditions of his supervised release or that he likely would submit to the court's authority in the future. And although Mobley did not commit a criminal offense in violating the conditions of his supervised release, stipulated to the violations, and partially complied with the terms of his release, he nevertheless deliberately committed multiple violations and rebuked the district court's prior instructions to submit to the authority of the law. On this record, we cannot say that the district court abused its discretion in concluding that the intentional nature of Mobley's violations, coupled with his history of violating probation and the multitude of his violations, justified a harsher sentence -- more than twice the guidelines range -- in light of the § 3553(a) factors, namely the nature and circumstances of the violations, Mobley's history and characteristics, and the need to deter future criminal conduct. See 18 U.S.C. §§ 3553(a), 3583(e); Gall, 128 S.Ct. at 597 (holding that a major variance "should be supported by a more significant justification than a minor one"). Accordingly, we affirm.

**AFFIRMED.**